## Ammerman v. Mayes

*R. M. Morgan*, for plaintiff.
*N. B. Spangler* and *Ivan Walker*, for defendant.

FLEMING, P. J., April 15, 1931.—The plaintiff seeks to amend his bill by adding thereto the form of notice directed by Equity Rule 33, and denies the right of the defendant to oppose such motion, because defendant's counsel, at a hearing had to determine whether a preliminary injunction should issue, entered, by a verbal direction to the reporter, an appearance *de bene esse* without strictly complying with the provisions of Equity Rule 29.

That two wrongs do not make a right has long since been incontrovertibly established. That each of these wrongs may be corrected and a right thus produced, is also a fact not to be denied. We shall, therefore, endeavor to correct these apparent errors at the threshold of this proceeding.

Served with a bill of complaint not containing the notice prescribed by Equity Rule 33, the defendant had two courses open to him, viz., (1) to attack

the jurisdiction of the court or (2) to attack the form of the bill. If he chose the former, he must assert it at the first requirement to appear or, at his option, remain away from such hearing. If he chose to attack the jurisdiction of the court the procedure must be under Equity Rule 29. A petition setting forth the facts and praying that the service be set aside must be presented, whereupon a rule to show cause should be granted, an answer filed and further appropriate proceedings had as in actions at law. This and only this mode of procedure will avoid such appearance being deemed a general appearance. Furthermore, such procedure enables the court to pass upon the question of jurisdiction *in limine* and, if defendant's contentions be sustained, to avoid the loss of time and money required to be expended were the practice of merely entering an appearance *de bene esse* in the ordinary sense to be followed. If the defendant simply· elects to remain away and to raise the question of jurisdiction at such stage of the proceedings as he may elect, if at all, he may do so, but such a practice is to be discouraged. If he does not elect to question the jurisdiction but elects to accede to such jurisdiction and to attack the form of the bill, he may do so under the provisions of Equity Rule 48, by filing preliminary objections to the bill, with the required affidavit, at any time before an answer on the merits is required.

In this case, the defendant sought, by attempting to enter an appearance *de bene esse,* in a manner contrary to Equity Rule 29, to attack the jurisdiction of the court, to proceed with the case and, at the same time, to reserve to himself the right later to file preliminary objections to the bill, if he should so desire. Such a course hinders and prevents the court from disposing of a jurisdictional question *in limine* and requires a delay of at least thirty days, probably, in many cases, to the great prejudice of the plaintiff. We do not mean to say that a defendant is not entitled to attack both jurisdiction and the form of the bill, but we do mean to say that the question of jurisdiction, especially as to the absence of notice as required by Equity Rule 33, should be promptly raised and disposed of *in limine* and the matter not be permitted to drag uncertainly throughout the proceeding by a defendant physically appearing in person or by counsel.

In an endeavor to correct both errors, without prejudicing the rights of either party, as the same may have accrued at or immediately after the service of the bill in equity herein, we make the following

### Decree

And now, April 15, 1931, it is ordered, adjudged and decreed that the defendant shall, with five days from the date hereof, elect as to whether or not he shall attack the jurisdiction of the court by reason of the failure of plaintiff to endorse upon said bill the notice required by the Equity Rules, such election to be indicated by the presentation of a petition in full accordance with Equity Rule 29, which, if and when presented, shall be permitted to be filed *nunc pro tunc* as of April 10, 1931, and the prayer of which shall forthwith be allowed and the bill filed herein dismissed, at the cost of plaintiff, without prejudice to begin *de novo,* for failure to append the notice required by Equity Rule 33. It is further ordered, adjudged and decreed that if the said defendant shall elect, within said period of five days from the date hereof, not to attack the jurisdiction of the court for the reason stated above, the said defendant shall file preliminary objections to said bill under the provisions of Equity Rule 48 (7), averring the informality of the bill by reason of its failure to contain the notice required by Equity Rule 33 endorsed thereon, whereupon the plaintiff may within ten days after the filing of such

objections amend as of course, and, if such amendment is not made, the case shall forthwith, as of course, be placed upon a special argument list, and the bill dismissed by the court, at the cost of the plaintiff. If such amendment is made, and the defendant shall not, within the time prescribed by Equity Rule 48, file further objections to said bill covering reasons other than that of the lack of notice prescribed by Equity Rule 33, which right to file further objections, if desired, is hereby allowed, the defendant shall then and in such event answer over upon the merits of said bill and the case shall be at issue forthwith.                    From S. D. Gettig, Bellefonte, Pa.